Good morning, Your Honor. John Ballas on behalf of the petitioner Jose Luis Buenrostro. I'd like to reserve two minutes for rebuttal. Okay. The issue here is whether, it's a purely legal one, whether President Obama's commutation of Buenrostro's sentence from life to 360 months results in a new judgment within the meaning of Magwood v. Patterson's new judgment rule. He wasn't resentenced, was he? In other words, there was no subsequent sentencing proceeding that resulted in the issuance of a new judgment and commitment. It was just the commutation. Okay. So why doesn't that bring us within the definition of the Supreme Court's ruling that says that's not a new judgment? So our position is that it falls within the Magwood new judgment rule, because the case law defines a judgment as a sentence. That would be Burton v. Stewart. But the court's judgment of conviction, it's two things, is it not? It's a judgment of conviction and the imposition of a sentence. And the conviction stands. So there's no new judgment on the conviction. It's just a question of whether or not he has to serve the originally imposed full term of life or the commuted term of 360 months. And I think the way to look at it, our position is that it effectively, it's not a, it modifies the initial judgment by modifying the sentence. And in effect, the new modified judgment, the original judgment is still in effect, but it's modified with pardoned him, that that was a new judgment? Well, if the President pardoned him, I don't think we'd be here if he was released, but... Well, I'm trying to see a principal distinction between your argument and the case law. And what I'm not seeing here is any change other than executive grace that we're not going to make you serve the full sentence of life. We're going to reduce it instead to 360 months. I think the case law that we rely on is the case law that defines a judgment as a sentence, and a sentence is a judgment. But you're overlooking the fact that the judgment is also the last act of a criminal court in confirming that the defendant now stands convicted of the crime on which the sentence is imposed. But by essentially commuting the sentence, you are in effect modifying that judgment. The judgment, in terms of, in a number of ways, like when you're determining a person's eligibility for parole or good time credits or security classification, they don't just look at the original judgment in a situation like this. They look at the commuted judgment and the modified judgment into determining what custody credits he gets, et cetera. But again, why isn't that, executive grace may not be quite the right term for it, but why isn't that an executive decision as to how the defendant will serve the term of imprisonment or how long he will be kept in custody? I mean, even a person sentenced ordinarily to a term of life imprisonment at some point is going to be eligible for even though he doesn't spend the rest of his natural life in prison. Well, like in the Ninth Circuit's Duhigg case, it determined that when the sentence was reduced by a district judge from eight years to four years, the person's eligibility for parole is one-third of the four-year sentence rather than one-third of the eight-year sentence. But why isn't that the same thing as the executive making a determination as to how long the defendant is going to be kept in custody? Well, the effect of the commutation is to reduce the sentence. It reduces the sentence, but the question is, does it amount to the imposition of a new judgment? There's no new act by a judicial officer, is there, when the president commutes a sentence and shortens it? It's essentially saying, we're just not going to make you serve the full punishment that the court initially imposed on you. Well, I think it's more than that, because it can also add conditions to the sentence. You can reduce the sentence, add conditions to the sentence. In Schick v. Reed ---- What new conditions were imposed here? In this case, none. But this is a purely legal one that would apply, you know, across the board. And in other cases, the Supreme Court has ruled in Schick v. Reed that they can add conditions. The dissent referred to the commuted sentence in that case, as a substituted sentence, not just, you know, abridging the enforcement of the judgment, but they actually used the term substituted sentence. Now, 2255, as distinct from 2254, speaks of sentences rather than judgments. Does that make a difference?  And if we're talking about a presidential act and commuting a sentence, that's going to, of course, be restricted to 2255 cases. So we're not going to get the president commuting sentences in state court. So whatever we do here will be as a restriction in its operation to 2255 cases. That's correct. So I'm trying to figure out if the use of the word sentence in 2255 tells us that something else is going on compared to Magwood and judgment. And that's a very good point that we had not addressed in our briefs. No, you can if you like. But I think it makes a good distinction. Generally, 2254 and 2255 have been interpreted the same. But this is an unusual context. Well, I'm still trying to understand, though. Magwood talks about invalidation of the original judgment. And I don't think the judgment of conviction itself has not been invalidated or called into question, has it? He still stands convicted of, what was this? Was this his third offense for drug trafficking, manufacturing, and distributing methamphetamine? It's his third drug trafficking offense, yes. So the president's action didn't question the validity of this third conviction, did it? No, not the conviction, just reduce the sentence. Well, why doesn't that bring us in under the rule of Magwood that the action has to have resulted in an invalidation of the original judgment? I don't think the Magwood rule requires an invalidation of the original judgment. That was the facts before the Court in that case. But I think they use that term, do they not? That comes right out of the case. Yes. But also the holding of it is when there's a new judgment, that that, in a sense, allows you to file a new 2254 petition. Right. But first we have to determine whether or not the prior judgment has been invalidated. If the answer to that question is yes, then there is a new judgment. If the answer to that question is no, there is not. I mean, that's how I read Magwood. Am I misreading it? Well, I think it's — I wouldn't read it as broadly as the Court is, as you are. I think any time you amend the sentence, you effectively amend the judgment, and even without Judge Fletcher's spin on it, I think it would result in a new judgment. Counsel, if we were to assume there's no new judgment, what's your best argument for why you should get a second attempt on a habeas petition? I think it would have to apply within either the Magwood rule or Judge Fletcher's interpretation of that in order to get another shot at it, because it's already been rejected in an earlier 60B motion and on appeal. And why wouldn't that be law of the case with regard to the likelihood of success on a new? Because they dismissed it without looking at the merits because it was as a second or successive petition that would not apply now. Yeah. No, the underlying merits of the claim are actually — this is what's frustrating about this case. The underlying IAC claim is very strong. The lawyer gets an offer of 14 years. He doesn't understand the sentencing scheme, or perhaps he doesn't understand the priors. He fails to communicate to his client, and he rejects it out of hand. And then he never tells his client what he did so that the client files his first 2255 without knowing this. He finds out about it later, and he's stuck with a second or successive. And as the court held, well, a second or successive under the first criterion of new evidence has to show innocence. This IAC claim is not going to innocence. I mean, it's a — this means he's caught up in a procedure of morass and not of his own making. Absolutely. And now he's served 20 years. That's why this is a frustrating case. And now he's served 23 years in prison, where if the offer would have been relayed to him, he would have been out maybe a decade ago. How long has he now been in prison? I believe it's 22, 23 years. He has about three-and-a-half years left to serve. After good time, correct? 2021. With good time? Yes. Yeah. 2021. Yes. November 2021. Okay. Thanks very much. We took you over time, but we'll give you a chance to respond. Thank you. Yeah. Good morning, Your Honors. And may it please the Court, my name is Owen Roth. I'm an assistant U.S. attorney from the Eastern District of California. Mr. Bone Roster's arguments in this case are misplaced. If you could keep your voice up, that would be helpful. I apologize, Your Honor. No apology necessary. As I meant to say louder, Mr. Bone Roster's arguments are misplaced. A commutation from the President does not constitute a new judgment. Only the courts have the power over judgments. Yeah, but 2255 doesn't speak of judgments. That is true, Your Honor. However, I would make two points. First, Burton does say that the sentence is the judgment. And the second is, this Court has previously assumed, and several of the sister courts have held, that 2254 and 2255 are to be treated the same in the Magwood context. So I think it's reasonable to say that here we should be talking about the judgment. I would also say that if the Court were to differentiate where that takes the Court, is into granting review of a habeas claim when there hasn't been a new judgment imposed. Judgments, of course, embody court proceedings, and the point of habeas is to review for errors that may have occurred. So we would have a commutation from the President, which does not turn on any legal proceedings or errors that may have occurred there, but an act of presidential grace and bootstrap. Yeah, but if you're looking even at Magwood with a new judgment, let's say there's a sentencing error, that then allows you to file a new habeas petition, not limited to sentencing. Yes, Your Honor, because an error occurred. Yes, but your point was, well, if you let this happen, all the errors in the case will be opened up, unrelated to what led to the commutation. But under Magwood, if you have a sentencing error that results in a new sentencing judgment, you can file a new habeas petition without regard to second or successive with respect to anything in the case, unrelated to what led to the resentencing. So your point, I think, is at least limited. Yes, Your Honor. I agree. I would just — I meant only to make the distinction between a commutation, which is meant to be an act of grace reflecting the policy views of the President versus a new sentencing or some judicial act, which is meant to correct errors or remand for review of potential errors. Of course. No, I take the point. Yeah. I would simply point to the Court's precedents, both this Court and the Supreme Court. I think Judge Tallman's analysis is accurate. The Benz case and Ex parte United States make clear that the judiciary has the power over criminal sentencing. Other precedents, including, I believe, Duhay, make clear that the commutation power is distinct. It runs to enforcement of the judgment, not to the underlying judgment itself. For that reason, Your Honors, we submit that the commutation does not constitute a new judgment. Counsel, with regard to the second issue, though, we have a situation where the petitioner here has no idea about the offer. His time runs on filing his first habeas petition. If he doesn't do it in time, he's done. How can he not get whipsawed here between the time limits on the filing of the petition and the incentive for ineffective defense counsel or perhaps even prosecutors, if they have Brady material they haven't turned over, to hide it? Wait a while. By the time I have to disclose it, it will all be too late, because he's already filed an unsuccessful first petition. I think that those are fair issues, and as matters of fairness, I think Judge Fletcher is making a fair point about what may have happened. But I don't think this case presents the vehicle to address it. Why? Because the matter that brings us here, again, is a commutation from the President that does not. No, no. Even setting that aside, though, we have this new information. This offer, more than one year after he files his habeas petition, the offer, it comes out that he had an offer for a 14-year sentence. How could he have done something quicker? Well, I think, just going to the procedural history, he had filed an appeal and a habeas petition out of the trial verdict. Sure. If he hadn't filed his habeas petition within a year, he would have said he's untimely. I can only refer the Court to the — I think it's this Court's prior case in the Bone Roaster litigation where the Court decided that 2255 codified unlimited abuse of the writ doctrine in the way that prohibits him from bringing this now. Well, he has to show actual innocence, does he not? I mean, the problem with his argument on the merits is he may very well have a valid IAC claim 23 years after the ineffective assistance was rendered. But the statute is pretty clear that in order to qualify for a second or successive petition to excuse the time delay, he has to show that these new facts would not have resulted in his conviction. That is correct. He's not challenging the conviction. That is the holding of this Court's prior Bone Roaster opinion. I believe we style it Bone Roaster III. And the point there is the statute codified abuse of the writ doctrine and limited it, as Judge Tallman has said, to claims of actual innocence, which this one is not. And I take it there's no evidence in the record. Is there that the prosecution withheld anything? The offer was made by the prosecution, but apparently not conveyed by the defendant's client to the client. There's nothing in the record I'm aware of, Your Honor, that the government withheld the plea offer. There was some litigation during the habeas proceedings about turning over the government's file. It ended up being turned over pursuant to a FOIA request, and that led to, I think, the Rule 60b motion. That's when he discovered that a plea offer had been tendered to his lawyer. Yes. That's what the record reflects, Your Honor. Okay. Yeah. It's a tricky question. It's quite clear to me that there's IAC. It's not at all clear to me that we can get to it. But it's a tricky question what obligation the prosecution might or might not have when it's made an offer. The offer is rejected out of hand, and it seems idiotic to have rejected it, given the liability to which he is subjected, whether the government has some obligation to make sure that that offer has been communicated to the client. But I'm unaware of any legal principle that would put that obligation upon the prosecution. Maybe it would wish to do so if it has some suspicion that this lawyer is not doing right by his client. But I see nothing in this record that would put that burden on the prosecution. Certainly. Also, you've got some pretty serious Sixth Amendment issues in terms of interference with the defense function. I can advise the Court that, you know, today, in light of Lafler, we as a practice will put on the record in front of district courts that an offer has been made so as to ensure that that fact has been made aware to the defendant. I can't speak to what happened here, which, of course, predates those cases. So the practice of your office now is it's just on the record that the offer is made? I would hate to make a formal pronouncement of the office. I do it, and I know other more senior AUSAs that I go to for guidance do it. Yes. I'm not sure I fault the prosecution in this case, yes. Okay. If there are no other questions, we would submit. Thank you, Your Honor. Okay. Thank you. Mr. Ballas, you wanted to save two minutes. I don't have much to add, but just procedurally in the excerpts of record at pages 10 to 91, I put in the prior Rule 60B motion, and that gives a whole history of how this offer came out. And, in fact, when Ben Rostro got word that there might have been an offer, this is back in, like, 2006, 2007, he sent a letter to the U.S. Attorney's Office asking for it, never received a response, and then ultimately obtained the offer through a Freedom of Information Act request. And it's all kind of set forth in the Rule 60B motion, but the merits were never got to because it was treated as a second or successive petition and dismissed on that basis. Thank you. Thank you very much. Good arguments on both sides. United States v. Ben Rostro is submitted. Next case, United States v. Robinson.
judges: W. Fletcher, Tallman, Morris